UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAWRENCE MURRELL, JR., | : **1:20-CV-00113** |
| Plaintiff, | : |
| v. | : |
| | : (Magistrate Judge Schwab) |
| KATHI MICHAEL, *et al.*, | : |
| Defendants. | : |

**ORDER**
January 26, 2021

**I. Introduction.**

The plaintiff, Lawrence Murrell Jr. ("Murrell"), has sued Kathi Michael (a Baltimore County crime scene investigator evidence technician, hereinafter referred to as "Michael") as well as the Baltimore County Police Department. *Doc. 1 at 1-2*. After screening Murrell's complaint, we conclude that the complaint fails to state a claim upon which relief can be granted. We will, however, grant Murrell leave to file an amended complaint.

## II. Background.

While a prisoner at the State Correctional Institution Albion, Murrell commenced this action *pro se* on January 22, 2020 by filing a complaint. *Doc. 1*. Murrell subsequently paid the filing fee for this action.[1]

Murrell claims that defendants violated his rights under the Fourteenth Amendment of the United States Constitution. Murrell also claims that defendants violated his "due process right to fair trial" by fabricating evidence, "deliberate deception," and perjury. *Doc. 1 at 4-5*. Murrell requests that Michael be either fired or "sanctioned and disciplined." He requests an apology from Michael and a written acknowledgment of her "unprofessional conduct" and its consequences. And he requests $30,000,000 in damages. *Doc. 1-1 at 11-12*.

Murrell alleges that in February 2008, he stood trial in state court on charges of murder in the first degree and murder in the third degree. Per Murrell, Michael, the "star police witness," "pretended to be a 'burn pattern' expert" and then lied and fabricated evidence to deliberately deceive the jury. Murrell alleges that Michael "willfully & intently presented false misleading evidence" to satisfy the

---

[1]   Per a recent filing, *doc. 11*, Murrell now appears to reside in Brooklyn, New York.

"intent" prong of his first-degree murder charge. Specifically, Michael lied and stated that based on her analysis, she could tell that the deceased victim had been tied up and then murdered. According to Murrell, Michael's statements contradicted reports and testimony from the victim's autopsy doctor. Murrell alleges that the Baltimore County Police Department is liable in a supervisory role. *Doc. 1 at 4-5.*

Per Murrell, because his original conviction has been invalidated, this subsequent federal lawsuit may go forward. *Doc. 1 at 3.* Murrell alleges that after his original first-degree murder conviction was invalidated after a successful petition for habeas corpus,[2] he was granted a new trial. *See Doc. 1 at 4-5.* But instead of receiving a new trial, Murrell took an open plea to third-degree murder. This open plea led to Murrell's second stint of incarceration, during which he filed the complaint that we now review. *See Doc. 1-1 at ¶ 4.*

For the reasons below, we conclude that Murrell's complaint fails to state a claim upon which relief can be granted.

---

[2]   Murrell's habeas proceeding can be found at *Murrell v. Giroux et al.*, Case No. 1:13-cv-02573-MEM (M.D. Pa.).

### III. Discussion.

####    A. The Complaint.

#####       1. Pleading Standards.

We review the complaint in accordance with 28 U.S.C. § 1915(e)(2), which provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal—
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim upon which relief may be granted; or
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

In determining whether the complaint states a claim upon which relief may be granted under this section, we apply the standards used under Fed.R.Civ.P. 12(b)(6), which provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." In this context, "[w]e must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010). In making that determination, we "consider only the

complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents." *Id.* at 230.

"A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a)." *I.H. ex rel. D.S. v. Cumberland Valley Sch. Dist.*, 842 F. Supp. 2d 762, 769-70 (M.D. Pa. 2012). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required, but more is required than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to "show" such an entitlement with its facts." *Id.*

In considering whether a complaint fails to state a claim upon which relief can be granted, the court must accept as true all well-pleaded factual allegations in

5

the complaint, and the court must draw all reasonable inferences from the facts alleged in the light most favorable to the plaintiff. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.,* 20 F.3d 1250, 1261 (3d Cir. 1994). But a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). A court also need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

Following *Twombly* and *Iqbal,* a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010) (footnote and citations omitted) (quoting *Iqbal,* 556 U.S. at 675, 679).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Erickson,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).  Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim."  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).  Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, a *pro se* complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

### 2. Murrell has not stated a Section 1983 claim against Michael, because Murrell's claim, as stated, rests solely on Michael's testimony.

Murrell alleges that Michael gave false testimony at his trial.  This basic fact pattern forms the basis of Murrell's allegations against Michael.  *See Doc. 1*.

But the law is clear that 42 U.S.C. § 1983 does not "authorize[] a convicted person to assert a claim for damages against a police officer for giving perjured testimony at his criminal trial."  *Briscoe v. LaHue*, 460 U.S. 325, 326 (1983) (holding that "42 U.S.C. § 1983 [did not] authorize[] a convicted person to assert a

claim against a police officer for giving perjured testimony at his criminal trial" and also "that witnesses are absolutely immune from damages liability based on their testimony"); *see also, e.g., Fisher v. Miller*, 571 F. App'x 119, 122 (3d Cir. 2014) (citing *Briscoe* in holding that "a testifying witness is absolutely immune from liability under § 1983, even if that testimony is perjured"); *Tucker v. Eiker*, No. 3:11-CV-1599, 2012 WL 3782542, at *4 (M.D. Pa. Apr. 26, 2012), *report and recommendation adopted*, No. CIV.A. 3:11-1599, 2012 WL 3780464 (M.D. Pa. Aug. 31, 2012) (citing *Briscoe* in holding that "a plaintiff cannot state a claim for damages under 42 U.S.C § 1983 against a police officer for allegedly giving perjured testimony at his criminal trial").   Therefore, Murrell's complaint, as it is now constituted, fails to state a Section 1983 claim against Michael.

### 3. Murrell has not stated a claim under 42 U.S.C. § 1983 against the Baltimore County Police Department, because that entity is not a proper defendant.

The second defendant that Murrell has listed in this case is the Baltimore County Police Department.   Though Murrell provides few details about this defendant's involvement, we will liberally construe Murrell's claim against this defendant.   We will therefore assume for purposes of this analysis that this precise claim issues under *Monell v. Department of Social Services of the City of New York*, a United States Supreme Court case that allows plaintiffs to pursue Section

1983 claims against municipalities in limited circumstances.   436 U.S. 658, 690 (1978).

But "*Monell* claims can only be brought against municipalities, not police departments."   *Chappell v. Horsham Twp. Police Dep't*, No. CV 16-2650, 2017 WL 697804, at *6 (E.D. Pa. Feb. 22, 2017).   The Baltimore County Police Department "is a sub-unit of [Baltimore County's] government and, as such, is merely a vehicle through which [Baltimore County] fulfills its policing functions." *Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Therefore, Murrell's complaint, as it is now constituted, fails to state a Section 1983 claim against the Baltimore County Police Department.

We caution Murrell further that, even if he revises his *Monell* claim to specify the correct municipal defendant, *Monell* claims must target governmental action that is taken pursuant to an official policy or custom.   *Monell*, 436 U.S. at 690-91.   Here, Murrell makes conclusory allegations that the Baltimore County Police Department has "supervisory liability" under Section 1983.   *Doc. 1-1 at ¶ 44*.   We note that Murrell has not identified any official policy or custom connected with Michael's alleged fabrication of evidence.

9

## IV. Order.

Based on the foregoing, **IT IS ORDERED** that Murrell is granted leave to file an amended complaint within 28 days of the date of this Order.[3]

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge

---

[3] Any amended complaint must be titled as an amended complaint and must contain the docket number of this case. Fed. R. Civ. P. 10(a). Murrell "is advised that any amended complaint must be complete in all respects." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Id*. "Also in general, an amended pleading—like [any] amended complaint here—supersedes the earlier pleading and renders the original pleading a nullity." *Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017). In other words, if an amended complaint is filed, the original complaint will have no role in the future litigation of this case. Any amended complaint must also comply with the pleading requirements of the Federal Rules of Civil Procedure, including the requirements that the complaint contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim," and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)-(3). Further, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). And to the extent it would promote clarity to do so, "each claim founded on a separate transaction or occurrence . . . . must be stated in a separate count." *Id*. Any amended complaint must also comply with Fed. R. Civ. P. 20.

10